Slip Op. 11-22

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
PSC VSMPO   AVISMA CORPORATION                         :
and VSMPA   TIRUS, U.S., INC.,                         :
                                                       :
              Plaintiffs,                              :
                                                       :
       v.                                              :
                                                       :      Before: Judith M. Barzilay, Judge
UNITED STATES,                                         :      Consol. Court No. 08-00321
                                                       :
              Defendant,                               :
                                                       :
       and                                             :
                                                       :
U.S. MAGNESIUM LLC,                                    :
                                                       :
              Defendant-Intervenor.                    :
                                                       :
-------------------------------------------------------x
```

## OPINION

[The court sustains the U.S. Department of Commerce's redetermination.]

*Arent Fox LLP* (*John M. Gurley*, *Mark P. Lunn* and *Diana Dimitriuc Quaia*), for Plaintiffs PSC VSMPO-AVISMA Corporation and VSMPO-Tirus, U.S. Inc.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*David S. Silverbrand*, Trial Attorney), for Defendant United States; *Daniel J. Calhoun*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, Of Counsel, for Defendant.

*King & Spalding, LLP* (*Stephen A. Jones* and *Jeffery B. Denning*), for Defendant-Intervenor U.S. Magnesium LLC.

Dated:  March 1, 2011

   Barzilay, Judge:  This case, arising from an antidumping administrative review covering pure and alloyed magnesium metal from the Russian Federation, returns to the court following the remand ordered in *PSC VSMPO - AVISMA Corp. v. United States*, 34 CIT __, 724 F. Supp. 2d 1308 (2010) ("*AVISMA II*").[1]  In that opinion, the court found the U.S. Department of Commerce's ("the Department" or "Commerce") method for calculating the value of chlorine gas in *Results of Redetermination Pursuant to Remand*, A-421-819 (Dep't of Commerce Mar. 30, 2010) ("*First Remand Results*"), did not accord with law because Commerce failed to take into account Plaintiff PSC VSMPO - AVISMA Corporation's ("AVISMA") ordinary course of business.  *AVISMA II*, 34 CIT at __, 724 F. Supp. 2d at 1316; *see* 19 U.S.C. § 1677b(e)(1).  In the subsequent remand determination currently under review, the Department revised its methodology to focus "on AVISMA's entire production process, including the stages of production encompassing and following ilmenite catalyzation."  *Results of Redetermination Pursuant to Remand*, A-421-819 at 1 (Dep't of Commerce Nov. 22, 2010) ("*Second Remand Results*").[2]

---

[1] The court presumes familiarity with the procedural history of this case.  *See generally AVISMA II*, 34 CIT __, 724 F. Supp. 2d 1308; *PSC VSMPO - AVISMA Corp. v. United States*, Slip Op. 09-120, 2009 WL 3423021 (CIT Oct. 20, 2009) ("*AVISMA I*").

[2] Commerce respectfully protests that the court in *AVISMA II* did not "appear to give full consideration to record evidence supporting the Department's finding that taking into account AVISMA's entire operations resulted in a value for chlorine gas that is too high relative to the market value for chlorine."  *Second Remand Results* at 4.  Further, the agency continues to insist that its original chlorine gas valuation "comports more closely with the economic reality in which AVISMA operates."  *Id.*; *accord First Remand Results* at 13-14.  However, as the Department surely knows, its actions must adhere to the statutory framework that Congress has established to govern the antidumping laws.  *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984); *see also* § 1677b(e)(1) (instructing Commerce to take into account "the cost of materials and fabrication or other processing of any kind employed in producing the merchandise . . . *in the ordinary course of business*" when using constructed value in place of

**Consol. Court No. 08-00321** Page 3

      AVISMA and Plaintiff VSMPO - Tirus, U.S., Inc., (collectively, "Plaintiffs") and Defendant-Intervenor U.S. Magnesium, LLC ("USM") contest various aspects of the *Second Remand Results*. Plaintiffs contend that Commerce used an incorrect database in its calculations, which thereby rendered them erroneous. *See generally* Pls. Br. USM claims that the court should reconsider its holding in *AVISMA II* and reinstate the *First Remand Results*. *See* Def.-Intervenor Br. 4-14. Moreover, if the court reinstates the *First Remand Results*, USM asks the court to evaluate what USM deems errors in the Department's original calculations. *See* Def.-Intervenor Br. 13-14. For the reasons given below, the court sustains the *Second Remand Results*.

## I. Standard of Review

      The court must sustain any Commerce determination supported by "substantial evidence on the record" and otherwise "in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence on the record constitutes "less than a preponderance, but more than a scintilla." *Novosteel SA v. United States*, 25 CIT 2, 6, 128 F. Supp. 2d 720, 725 (2001) (citation & quotation marks omitted), *aff'd*, 284 F.3d 1261 (Fed. Cir. 2002). The requisite proof amounts to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" in light of the entire record, "including whatever fairly detracts from the substantiality of the evidence." *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984) (footnote & quotation marks omitted). This standard necessitates that the Department thoroughly examine the record and "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of*

---

normal value in the dumping margin calculation) (emphasis added).

*the U.S., Inc. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation & quotation marks omitted); *accord Bando Chem. Indus., Ltd. v. United States*, 16 CIT 133, 136-37, 787 F. Supp. 224, 227 (1992). That the court may draw two inconsistent conclusions from the evidence does not preclude Commerce from supporting its determination with substantial evidence. *Thai Pineapple Pub. Co. v. United States*, 187 F.3d 1362, 1365 (Fed. Cir. 1999).

## II.  Discussion

### A. The Database Used in the Department's Calculations

Plaintiffs' argument that Commerce used an incorrect database fails because the Department supported its decision to use the contested database with substantial evidence. On April 7, 2008, AVISMA submitted three separate cost databases to the Department, only the first of which, COP-1, is relevant to the current discussion. That database "reflects a company-wide co-product methodology" to calculate titanium and magnesium net realizable values.[3] *Second Remand Results* at 8. Ten days after making these submissions, however, AVISMA informed the Department that COP-1 contained two errors. *Id.* at 9. The first error arose in the calculation of pre- and post-split-off costs for titanium products; the second related to the appropriate sales values assigned to the magnesium metal products produced, but not sold, during the period of review. *Id.* AVISMA therefore provided the Department with two additional relevant databases, COP-1.1 and COP-1.2, the first of which corrected only the second error, and the second of which corrected both errors. *Id.* Commerce used the latter database, COP-1.2, for its calculations in the *Second Remand Results*. *Id.* at 8. Plaintiffs now seek to distance themselves

---

[3] The other databases reflect accounting methodologies that take into consideration only portions of AVISMA's production facilities rather than its entire ordinary course of business. *See Second Remand Results* at 8-9.

from AVISMA's previous statement that it initially provided the Department with incorrect information with respect to the calculation of pre- and post-split-off costs for titanium products, and have the Department use COP-1.1, even though they do not explain how that database is more accurate. *Id.* at 11-12. In light of AVISMA's earlier admission that COP-1 contained incorrect information in two areas, and that COP-1.1 corrected only one of those errors, Commerce reasonably relied upon COP-1.2, the database that accounted for both errors.

### B. USM's Request for Reconsideration of the Legal Conclusions in *AVISMA II*

The court will not entertain USM's request for reconsideration. Although USM could have brought this request to the court's attention in a motion for reconsideration within 30 days of the filing of *AVISMA II*, *see* USCIT R. 59(b), that time has passed, and the court cannot now address the issue. *See Former Emps. of Quality Fabricating, Inc. v. United States*, 28 CIT 1061, 1070, 353 F. Supp. 2d 1284, 1292 (2004) ("Pursuant to the law of the case doctrine, when a court decides upon a rule of law, that decision continues to govern the same issues in subsequent phases of the case . . . . If [USM] had wished to challenge that finding, a motion for reconsideration would have been the appropriate motion.") (citing *Arizona v. California*, 460 U.S. 605, 618 (1983) (internal citation omitted)). Furthermore, because the court will not disturb its prior holding, USM's remaining arguments contesting the Department's chlorine calculation methodology in the *First Remand Results*, Def.-Intervenor Br. 4-14, are moot, as USM concedes.[4] Def.-Intervenor Br. 15.

---

[4] The court notes that in its brief, USM alleges that the court instructed Commerce to follow "the methodology proposed in the *Foster Affidavit*" to construct the value of AVISMA's chlorine gas. Def.-Intervenor Br. 15 (citing *Second Remand Results* at 3). Nowhere did the court place such a constraint on Commerce's actions, *see generally AVISMA II*, 34 CIT __, 724 F. Supp. 2d 1308, and to do so would run afoul of well-established comity between the Department

**Consol. Court No. 08-00321** Page 6

### III. Conclusion

For the foregoing reasons, it is

**ORDERED** that Commerce's *Second Remand Results* are **SUSTAINED**.

Dated:  March 1, 2011                              /s/ Judith M. Barzilay
         New York, New York                        Judith M. Barzilay, Judge

---

and the Court.  *See Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1359 (Fed. Cir. 2006).

Slip Op. 11-22

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------x
                                                  :
PSC VSMPO   AVISMA CORPORATION                    :
and VSMPA   TIRUS, U.S., INC.,                    :
                                                  :
            Plaintiffs,                           :
                                                  :
        v.                                        :
                                                  :      Before: Judith M. Barzilay, Judge
UNITED STATES,                                    :      Consol. Court No. 08-00321
                                                  :
            Defendant,                            :
                                                  :
        and                                       :
                                                  :
U.S. MAGNESIUM LLC,                               :
                                                  :
            Defendant-Intervenor.                 :
                                                  :
-------------------------------------------------x
```

## JUDGMENT

Upon consideration of the U.S. Department of Commerce's ("Commerce") *Results of Redetermination Pursuant to Remand* of the second antidumping administrative review covering pure and alloyed magnesium metal from the Russian Federation, filed November 22, 2010, the parties' briefs, the record evidence, the court's opinions in this case on October 20, 2009, August 17, 2010, and March 1, 2011, and all other papers filed in this matter, it is hereby

**ORDERED** that Commerce's administrative findings are **SUSTAINED**; and it is further

**ORDERED** that this case is **DISMISSED**.

Dated:   March 1, 2011                          /s/Judith M. Barzilay
         New York, NY                                    Judge